1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DEMARKO LASHAWN HALL,

      Plaintiff(s),

v.

SUNRISE HOSPITAL & MEDICAL CENTER,

      Defendant(s).

Case No. 2:23-cv-00459-JAD-NJK

**REPORT AND RECOMMENDATION**

12     Pending before the Court is an order for Plaintiff to show cause why this case should not

13 be dismissed for lack of subject matter jurisdiction. Docket No. 5. Plaintiff filed a response.

14 Docket No. 6.

15     The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before

16 it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3).

17 Federal courts are courts of limited jurisdiction and possess only that power authorized by the

18 Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is

19 presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock*

20 *West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

21 "The party asserting federal jurisdiction bears the burden of proving that the case is properly in

22 federal court." *McCauley v. Ford Motor Co*., 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v.*

23 *General Motors Acceptance Corp*., 298 U.S. 178, 189 (1936)).

24     Plaintiff brought suit alleging state law claims for medical malpractice. *See* Docket No. 1-

25 1 at 4-5. Plaintiff invokes federal question jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C.

26 § 1983. Such an assertion is proper when the defendants acted under the color of state law (*i.e.*,

27 when the defendants are "state actors") to deprive a person of a right secured by federal law. *See*

28 *West v. Atkins*, 487 U.S. 42, 48-50 (1988); *Williams v. Cal.*, 764 F.3d 1002, 1009 (9th Cir. 2014);

*see also Williams v. Harmer*, 2017 WL 1159725, at \*3 (D. Nev. Mar. 26, 2017) (citing *Oppenheimer v. Stillwell*, 132 F. Supp. 761, 763 (S.D. Cal. 1955)).  Plaintiff has not alleged that Sunrise Hospital or its staff persons are state actors, or that they are otherwise liable under federal law as private parties, and other courts have determined that subject matter jurisdiction is lacking in similar circumstances.  *See, e.g.*, *Juliano v. Clark Cnty. Detention Ctr.*, 2013 WL 1249618, at \*3 (D. Nev. Mar. 25, 2013); *Baumeister v. Zimmerman*, 2006 WL 8441890, at \*1-2 (D. Nev. Apr. 18, 2006).

Although Plaintiff's response identifies constitutional provisions he contends are implicated by his suit, *see* Docket No. 6, that response fails to provide any basis from which to conclude that Sunrise Hospital or its staff persons are state actors.

Accordingly, the undersigned **RECOMMENDS** that this case be dismissed for lack of subject matter jurisdiction.

Dated: May 8, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).